UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

"UMAR ALI"
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

11 Civ. 4047 (RJS)(AJP)

- against -

KATHLEEN MUULEY Et. AL
_____
_____

USDC **NOTICE OF MOTION**
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/11

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

PLEASE TAKE NOTICE that upon the annexed affirmation of **Umar Ali**
  *(name)*
affirmed on **Oct. 10**, 20**11**, and upon the exhibits attached thereto *(delete if no*
  *(date)*
*exhibits)*, the accompanying Memorandum of Law in support of this motion *(delete if there is no*
*Memorandum of Law)*, and the pleadings herein, plaintiff/defendant will move this Court, before
  *(circle one)*
**A.J.P**, United States District/**Magistrate Judge** for an order
  *(Judge's name)*                                  *(circle one)*
pursuant to Rule **37.2** of the Federal Rules of Civil Procedure granting *(state what you want the
Judge to order)*: **Discovery for Prisoner. Requesting all documents plaintiff filled to defendants and rules and regulations regard religious rights in Puntive segeration**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **East Elmhurst, NY**        Signature _____
       *(city)*       *(state)*      Address **09-09 Hazen St**
**October 12, 2011**                 **East Elmhurst**
*(month)* *(day)* *(year)*           Telephone Number **N/A**
                                     Fax Number *(if you have one)* **N/A**

Rev. 05/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____Umar Ali_____

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

_11_ Civ. _4047_ (RJS) (AJP)

- against -

__Kathleen Mulvey Et. Al__

**AFFIRMATION IN SUPPORT OF MOTION**

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, __Umar Ali__, affirm under penalty of perjury that:
(name)

1. I, __Umar Ali__, am the (plaintiff)/defendant in the above entitled action,
(name)                          (circle one)
and respectfully move this Court to issue an order __Discovery 37.2__.
(state what you want the Judge to order)

2. The reason why I am entitled to the relief I seek is the following (state all your reasons using additional paragraphs and sheets of paper as necessary): _____

WHEREFORE, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __East Elmhurst__, __N.Y__     Signature _____
       (city)            (state)     Address __09-09 Hazen St__
__October 12th__, 20 _11_             __East Elmhurst 11370__
(month)    (day)    (year)            Telephone Number __N/A__
                                      Fax Number (if you have one) __N/A__

Rev. 05/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____Umar Ali_____

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

- against -

_____Kathleen Mulvey Et Al_____

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

11 Civ. 4047 (RJS)(AJP)

**AFFIRMATION OF SERVICE**

I, _____Umar Ali_____ (name), declare under penalty of perjury that I have served a copy of the attached _____37.2 (Discovery)_____ (document you are serving) upon _____Judge Andrew J. Peck_____ (name of person served) whose address is _____500 Pearl St NY, NY 10007_____ (where you served document) by _____Mail_____ (how you served document: For example - personal delivery, mail, overnight express, etc.).

Dated: _____East Elmhurst_____, _____NY_____
       (town/city)        (state)

_____October_____ _____12th_____, 20__11__
   (month)          (day)      (year)

Signature: [signature]
Address: 09-09 Hazen St
City, State: East Elmhurst 11370
Zip Code: [signature]
Telephone Number: N/A

Rev 05/2007

United States district court
Southern district of New York

Umar Ali
         Plaintiff

                                    Reply to Answer
   -Against-                        11CIV 4047 (RJS)(AJP)

Kathleen Mulvey et al
                  Defendants

I Plaintiff/Pro se counsel intends to offer "reply to answer" of complaint respectfully allege as follows[1]:

1. All facts are accurate in Paragraph "1"
2. All facts are accurate in Paragraph "2"
3. All facts are accurate in Paragraph "3"
4. All facts are accurate in Paragraph "4"
5. All facts are accurate in Paragraph "5"
6. All facts are accurate in Paragraph "6"
7. Facts in Paragraph "7" are accurate, The Precepts of Islam and importance of attending Jummah fridays weekly is well known throughout the Department of Corrections and individual facilities. Weekly Jummah service is afforded and should be offered throughout New York City and New York State. Jummah services are so sincere throughout D.O.C. inmates are allowed to refuse court and other services on Jummah fridays.

8. All claims are accurate and comments were made by said defendants.

---

[1] A copy of the complaint with its paragraphs numbered Exhibit "A"

9. All Claims in Paragraph "9" are accurate, yet if Counsel is inferring George R. Vierno Center houses for Mental health infraction inmates/ disciplinary issues added with Mental health warrants the denial of First Amendment rights and mandatory religious services. O.I.S Bantum Correctional Center and George R. Vierno Center is entirely the same. No religious violation should take place in any facility.

10. Disputing Counsel Claim in Paragraph "10" If inmates in George R. Vierno Center are allowed to congregate during the Holy Month of Ramadan why aren't they allowed to Partake in JUMMAH which is equally important.

11. All Claims are accurate in Paragraph "11"

12. All Claims are accurate in Paragraph "12"

13. Disputing Counsel Claim in Paragraph "13" Prison Official are favoring other inmates religion, depriving Jummah Services and showing forms of discrimination. According to D.O.C Policy, rules, directive there should be a religious leader assigned to both General Population and Punitive Seg

14. All Claims in Paragraph "14" are accurate.

15. All Claims in Paragraph "15" are accurate

16. All Claims in Paragraph "16" are accurate

17. All Claims in Paragraph "17" are accurate

18. All Claims in Paragraph "18" are accurate

19. All Claims in Paragraph "19" are accurate

20. All Claims in Paragraph "20" are accurate

21. Disputing counsel claim in Paragraph "21" Plantiff Exhausted all available remedies. Plantiff filed numerous complaints/grievances, yet Plantiff received no response or Complaint/Grievance Log number or any form of acknowlegument. According to the inmate Grievance resolution Program/grievance directive "if you don't hear a decision within the deadline, you should appeal or file next step." Grievance Procedures attached² Exhibit B.

22. All claims are accurate in Paragraph "22". Plantiff reported all issues in claim to all defendants.

23. All claims are accurate in Paragraph "23". Plantiff exhausted all available remedies.

24. All claims are accurate in Paragraph "24"

25. All claims are accurate in Paragraph "25"

26. All claims are accurate in Paragraph "26"

### Reply to ~~All~~ Defenses

Plantiff clearly stated a claim which relief can be granted. This action arises under the first admendment to the United States Constitution, free exercise clause, RLUIPA establisment clause and under 42 U.S.C. §§ 1983. Plantiff exhausted all remedies as stated in Complaint. Qualifed immunity is a defense one can raise yet its usually decided by the Judge. Qualifed immunity is not a defense for injunctive relief or constitutional rights that were violated.

---

² Copy of Inmate Grievance Resolution Program Exhibit "B"

(Cont'd)

Defendants clearly knowingly, willingly and intentionally violated numerous rights throughout this complaint and failed to remedy or prevent such action from occurring. Defendant are liable under supervisor liability, acting under color of state law, indirect municipal liability and creating or allowing an unconstitutional policy or custom.

WHEREFORE, Plaintiff request judgment denying defendants counsel request to dismiss complaint and denial of all relief. Plaintiff request jury by trial and adequate relief.

Dated: East Elmhurst
October 12th, 2011

UMAR Ali
241-10-C7470
09-09 Hazen St
East Elmhurst, NY 11370

To: Please office
Corporation counsel of the City of New York
Magistrate Judge Andrew J. Peck

Respectfully Submitted
Umar, Ali

(con't next page)



# THE LEGAL AID SOCIETY
Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
www.legal-aid.org

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney-in-Chief*

Adriene L. Holder
*Attorney-in-Charge*
Civil Practice

John Boston
*Project Director*
Prisoners' Rights Project

# MEMORANDUM

**To: Prisoners in the Custody of NYC Department of Correction**
**From: Prisoners' Rights Project**
**Re: Inmate Grievance Resolution Program**

As an inmate in the custody of New York City Department of Corrections, you have the right to file a complaint about an issue or policy that directly affects you using the Inmate Grievance Resolution Program guidelines. This memo describes the importance and purpose of the grievance process, and gives you an overview of the steps you must follow to file a grievance to completion.

We have heard from many inmates that the grievance process seems fruitless, but there are two key reasons why you should follow the grievance procedures carefully: first, if you plan to file a federal lawsuit or an Article 78 proceeding, you **must** exhaust the grievance process (described in more detail below). Failure to do so will result in a rejection of your lawsuit. Second, filing a grievance creates or adds to the record about a particular problem. A history of grievances about a particular issue or officer can make it easier to support your claim, and you may help others in the future who have similar complaints by leaving a paper trail of your own.

Under federal law (the Prison Litigation Reform Act), if you do not **exhaust** the grievance process—by appealing any adverse decisions all the way through the system—you will be barred from bringing a federal lawsuit arising from the incident. As explained below, the grievance exhaustion requirement does not apply to complaints arising from staff or inmate assaults, or from classification decisions. But complaints about medical care, including complaints about access to medical care, **must** be exhausted.

As long as your grievance is filed correctly, it should be reviewed by the Inmate Grievance Resolution Committee (IGRC). If you are not satisfied with the IGRC's decision, you must appeal to the Commanding Officer of the facility, then to the Central Office Review Committee, and finally, to the NYC Board of Correction.

A grievance must be filed quickly and correctly, and there are a number of steps you have to follow in the appeals process, which are explained in the flow chart attached to this memo. While the attention to detail required may seem tedious, the grievance process is one of the only ways to have your complaints heard by DOC, and is the only way to preserve your right to bring a lawsuit later, so you should follow the grievance instructions carefully. If you have a disability or do not know how to read or write in English, you have the right to certain accommodations. Seek out your facility's Grievance Supervisor to get the assistance you need.

The grievance process is meant to address complaints about how general policies. Issues, rules, procedures or specific implementation of such policies, issues, rules, or procedures have negatively affected you. DOC has deemed certain issues "non-grievable;" that is, you should not use the grievance process to address them because they require a different procedure for lodging a complaint. For example, the grievance process will not help you resolve **classification** complaints related to Centrally Monitored Case status, Red ID or Enhanced Restraint Status, or Protective Custody designation. Nor is the grievance process open to complaints about staff assaults, or inmate assaults which staff permitted or failed to prevent. These complaints are deemed "non-grievable."

If you are concerned about whether your complaint is grievable, you should check with your facility's Inmate Grievance Clerk or Inmate Housing Aid. These are men or women who have been elected to the IGRC by fellow inmates, and whose job it is to help you with the grievance process.

Once you have determined that your issue is grievable, the next step is to submit your **complaint within 10 days** from the date the alleged issue took place. Your complaint can be filled out using an "Inmate Grievance Form" (Form #143), an "Inmate Grievance Form" (Form #7101 R), or even on a plain piece of paper if neither form is available. Your complaint must contain your name; Book and Case number; present housing facility; and a **brief but specific** description of the complaint and how you would like the problem to be addressed. If you simply ask to speak with the IGRC, if you don't include specific facts in your complaint, or if you have not been personally affected by the issue you raise, your grievance will be dismissed.

Next, you need to file your **grievance**. You can do this by depositing it in the "Grievance Box" in the housing area, delivering it to the Grievance Office, or by giving it to the Grievance Coordinator. If the complaint is grievable, it will be forwarded to the Inmate Grievance Resolution Committee (IGRC), who will meet to discuss your complaint, and vote on how to respond. The IGRC is made up of one correction officer and four inmates, who have been elected as members of your community who can make objective and fair assessments of grievances. The IGRC should meet within 5 days and render a decision. If you are unsatisfied with the decision, you must appeal it. The deadlines for appeal are strict and you should follow the attached flow chart to appeal each decision as it moves up the chain, if you continue to be unsatisfied with the decision.

It is important to note that **if you do *not* hear about a decision** within the deadline, you should assume that your grievance has been **rejected** and that you should appeal it within the deadline if you would like to pursue the complaint. It is critical that you count the days carefully so you do not miss any deadlines. Each "day" means full calendar days, not including weekends and holidays. Remember that the steps of the grievance resolution program must be "exhausted" (that is, appealed to the highest level) in order for you to bring a lawsuit in the future. (Again, complaints arising from assaults are not grievable in the City jails.)

The attached flow chart should help you navigate this process, and will give you guidance about deadlines at each step of the grievance process.

STEP 1: SUBMITTING THE COMPLAINT TO THE IGRC

**Occurrence of the Alleged Issue**
The policy or issue the inmate is grieving must have personally affected the inmate directly

↓

**Submission of Complaint**
**Within 10 days** from the date the alleged issue took place,

(1) An inmate must submit a complaint on an:
- "Inmate Grievance Form" (Form #143), or
- "Inmate Grievance Form" (Form #7101 R), or
- If no forms are available, plain paper

(2) And file the grievance as follows:
- Deposit into a "Grievance Box" in the housing area, or
- Deliver it to the Grievance Office, or
- Give it to the Grievance Coordinator

*Extensions may be allowed if there is a valid reason for delay (i.e. circumstances beyond inmate's control)*

↓

**Determination of a Complaint as a Grievance**
If a complaint is grievable, it will be numbered and logged.

If a complaint is non-grievable, the IGS will log it in the "Non-Grievable Logbook" and communicate the determination to the inmate, via Form #7114.

↓

**The 5 Day Period**
IGRC has **up to 5 days** to review a grievance or resolve it informally.

↙ ↘

If the inmate <u>receives a response</u> within the 5 day period, the inmate can **request a hearing 5 days from notification of disposition** if:
- No informal resolution, or
- Inmate does not agree with the informal resolution of the grievance

If the inmate <u>does not receive a response</u> within the 5 day period, then the inmate can **request a hearing** using Form #7101R (Grievance Office) **at the end of the 5 day period**.

### IGRC Hearing

**Within 3 days** of the request for a hearing, the full IGRC will hear the complaint and render a decision.

(1) Notification of Hearing: IGS will serve a Hearing Notice on the inmate
    ***** If the inmate <u>does not receive a Hearing Notice</u> within 3 days of the request for a hearing, then the inmate should **file an appeal at the end of the 3 day period** with the Grievance Office.

(2) Hearing: Inmate and witnesses may present relevant information at hearing

   * If inmate misses the hearing <u>without a legitimate and substantiated reason</u>, then the IGRC will hold the hearing in absentia

   * If inmate misses the hearing <u>with a legitimate and substantiated reason</u>, then the IGRC may adjourn the hearing. BUT if the inmate misses 3 hearing due to legitimate reasons, IGRC will act at the 3rd hearing.

(3) Decision: After IGS closes the hearing, IGRC must notify the inmate of the decision in writing **within 2 days**.

---

#### Filing an Appeal (if decision received)

**Within 5 days after receiving IGRC's decision**, an inmate may appeal the action by filing an appeal with the Grievance Office, which will be dated and stamped.

*Extensions may be allowed if there is a valid reason for delay
(i.e. circumstances beyond inmate's control)

#### Filing an Appeal (if no decision)

If the inmate <u>does not receive notification of IGRC's decision</u> within 2 days after the hearing, then the inmate should **file an appeal at the end of the 2 day period after the hearing** with the Grievance Office.

---

IGS will forward the appeal to the Commanding Officer **within 1 day of receipt**.

## STEP 2: APPEAL PROCESS TO THE COMMANDING OFFICER

**Referral to the Commanding Officer**
Relevant papers will be transmitted by the Grievance Office to the Commanding Officer **within 1 day** after receipt of the appeal.

Commanding Officer will date-stamp all grievances received and determine if the grievance is departmental or institutional in nature.

**If Departmental Issue…**
(1) Commanding Officer will forward the grievance papers and a recommendation to the IGS **within 5 days**.

(2) IGS will forward the recommendation to the Executive Director, IGRP **within 1 day**.

(3) Executive Director will forward the recommendation to the CORC **within 5 days** of receipt.

**If Institutional Issue…**
(1) Commanding Officer will render a decision on the grievance **within 5 days** from the time the appeal was received.

(2) Commanding Officer will forward a copy of the decision to the IGS **within 1 day** of the decision.

(3) IGS will then forward the decision to the inmate **within 5 days of receipt of documentation**.

**Filing an Appeal of the Commanding Officer's Response**

- If the Commanding Officer's <u>response to the grievance</u> <u>is received</u> by inmate **within 12 days** after the inmate filed an appeal to the Commanding Officer:

    The inmate may **appeal to CORC** by filing an appeal with the facility Grievance Office **within 5 days** after having received the Commanding Officer's response.

    *Extensions may be allowed if there is a valid reason for delay (i.e. circumstances beyond inmate's control)*

- If the inmate *does not* <u>receive a response</u> from the Commanding Officer **within 12 days** of filing an appeal of the IGRC's decision to the Commanding Officer:

    The inmate should **appeal to CORC at the end of the 12 day period** by filing an appeal with the Grievance Office.

Executive Director of IGRP will forward the appeal papers to CORC **within 5 days**.

6

## STEP 3: APPEAL TO THE CORC

**Informal Review**
If in the opinion of the IGRP Executive Director the appeal does not require a full CORC meeting, then the Executive Director may first process the CORC appeal informally.

**Formal Review**
If the matter concerns a departmental issue, then CORC must submit a majority decision **within 15 days** of receipt of the appeal.

**If Unanimous CORC Decision...**
The unanimous informal decision will be transmitted to all appropriate parties **within 5 days** of receipt of the decision.

**If Unresolved Informal CORC Hearing ...**
A **formal review** must occur if the decision is not unanimous. CORC will submit a majority decision **within 10 days** of receiving the appeal.

**Filing an Appeal of CORC's Decision**

- If the inmate <u>receives CORC's decision</u>:
    **Within 5 days** after receipt of the CORC decision, the inmate may appeal to the NYC BOC by filing an appeal with the Grievance Office.

    *Extensions may be allowed if there is a valid reason for delay (i.e. circumstances beyond inmate's control)*

- If the inmate <u>does not receive CORC's decision</u> within **20 days** of filing the appeal of the Commanding Officer's response:
    The inmate should appeal to the NYC BOC by filing an appeal with the Grievance Office **at the end of the 20 day period**.

Upon receipt of the a signed appeal statement the Grievance Office will forward the disposition of CORC and the appeal to the BOC **within 2 days**.

7

STEP 4: APPEAL TO THE NYC BOC

> <u>NYC BOC Action for Commissioner Decision</u>
> **Within 20 days**, NYC BOC will forward its findings and non-binding recommendation to the Commissioner.

> **Within 20 days of receipt of the NYC BOC Action and Response**, the Commissioner will respond. The Commissioner's decision is final. A copy will be transmitted to the inmate.

8



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# MEMORANDUM
*Pro Se* Office

SCANNED

RECEIVED
OCT 2 1 2011
CHAMBERS OF
ANDREW J. PECK

**To:** The Honorable Andrew J. Peck, U.S.M.J.

**From:** J. Street, *Pro Se* Office, x0177

**Date:** OCT 1 9 2011

**Re:** Alli v. Mowley, et al    11 Civ. 4047 (RJS)(AJP)

The attached document, which was received by this Office on OCT 1 9 2011, has been submitted to the Court for filing. The document is deficient as indicated below. Instead of forwarding the document to the docketing unit, I am forwarding it to you for your consideration. See Fed. R. Civ. P. 5(d)(2)(B), (4). Please return this memorandum with the attached papers to this Office, indicating at the bottom what action should be taken.

(✗)  No original signature.

(✗)  No affirmation of service/proof of service.

(  )  The document appears to be a request in the form of a letter.

(  )  Other:_____
_____
_____
_____

(✗) **ACCEPT FOR FILING**          (  ) **RETURN TO *PRO SE* LITIGANT**

Comments:
_____
_____
_____
_____
_____

_____
United States District Judge

_____
United States Magistrate Judge

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

Dated: