UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

UMAR ALLI,

                                    Plaintiff,

          -against-

KATHLEEN MULVEY, *et al.*,

                                   Defendants.

**DEFENDANTS' MOTIONS**
***IN LIMINE***

11 Civ. 4047 (RJS) (AJP)

------------------------------------------------------------ x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE

### Preliminary Statement

      Plaintiff Umar Alli brings this action against defendants City of New York, DOC Commissioner Shriro, former Warden Kathleen Mulvey and former Chair of the New York City Board of Correction ("defendants") alleging violations of his right to the free exercise of religion during the period that he was housed in the mental health wing of the punitive segregation ("MHAUII bing") area in the George R. Vierno Center at Rikers Island from December 2010 through July 1, 2011.

      In the Joint Pre-Trial Order ("JPTO"), plaintiff lists several claims that were not pled in the First Amended Complaint, as claims he intends to pursue at trial. Defendants respectfully submit this memorandum of law in support of their motions seeking *in limine* relief regarding several evidentiary disputes, and regarding whether plaintiff should be permitted to proceed with certain claims that either were not pled in the First Amended Complaint.[1]

---

[1]     The facts stated herein are derived from plaintiff's First Amended Complaint, the deposition of plaintiff and all of the exhibits submitted with and referred to in the Joint Pretrial Order dated March 29, 2012.

## ARGUMENT

### POINT I

**PLAINTIFF SHOULD BE PRECLUDED FROM CALLING VARIOUS WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT, CUMULATIVE AND UNDULY PREJUDICIAL, OR WHO WERE NOT PREVIOUSLY IDENTIFIED AS POTENTIAL WITNESSES.**

Plaintiff has proposed calling 24 witnesses in an attempt to over-litigate a perfectly straightforward First Amendment case. Plaintiff alleges that he was denied access to Friday Jumu'ah services while held in punitive segregation, and did not receive appropriate meals, while the DOC asserts that it reasonably accommodated his religious needs, within the context of administering a large detention facility.

**A.  Defendants Shriro And Simmons Are High-Ranking Officials Who Should Not Be Required To Testify As They Have No Personal Knowledge Not Available Through Other Individuals**

It is well-settled that high ranking officials should not be compelled to testify when the information sought could be obtained though other witnesses. *Marisol v. Giuliani*, 1998 U.S. Dist. LEXIS 3719, No. 95 CIV. 10533, 1998 WL 132810, at *2 (S.D.N.Y Mar. 1998). First, plaintiff fails to allege any personal involvement of these defendants. Next, during discovery, plaintiff neither provided nor found any evidence of their personal or official involvement. It is also well-settled law that merely sending correspondence to a high-ranking official does not amount to personal involvement. Both the Court of Appeals and numerous district courts in this Circuit have repeatedly held that "[r]eceipt of letters or grievances . . . is insufficient to impute personal involvement." *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997); *Woods v. Goord*, No. 01 Civ. 3255, 2002 U.S. Dist. LEXIS 7157, at *7 (S.D.N.Y. Apr. 23, 2002). "Were it otherwise, virtually every prison inmate who sues for constitutional torts by

[prison officials] could name the [supervisor] as a defendant since the plaintiff must pursue his prison remedies, and invariably the plaintiff's grievance will have been passed upon by the [supervisor]." *Voorhees v. Goord*, No. 05 Civ. 1407, 2006 U.S. Dist. LEXIS 48370, 14-15 (S.D.N.Y. Feb. 24, 2006); see also *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

Additionally, defendant Simmons, as Chair of the New York City Board of Corrections, had no operational authority over the DOC, and thus can offer no relevant testimony. Plaintiff should be precluded from calling defendants Shriro and Simmons as a witnesses at trial.

### B    Habith Alli Should Be Precluded

Defendants object to Habibah Alli on the grounds that her testimony is duplicative of Samiyah Alli's expected testimony and thus cumulative.

### C.    Plaintiff's Inmate Witnesses Should Be Precluded

Plaintiff should be precluded from calling inmates Kiaza Loccenitt, Charles Buckner, Akeem Browder, Askia Hinton, Thomas Leon and Keyon Keller.

Plaintiff failed to identify these individuals in plaintiff's December 1, 2011 responses to City defendants' October 26, 2011 Interrogatories. Thereafter, at the February 16, 2012 Conference, plaintiff was directed to inform the defendants, by March 12, 2012, of any witnesses he anticipated calling at trial. Plaintiff made no such disclosures. Further, at no time prior to the service of plaintiff's proposed trial witness list (*received at 10:49 p.m. on March 28, 2012*) has plaintiff provided City defendants with the names and/or contact information for Mr. Loccenitt. Nor did plaintiff's counsel inform the Court—either in their oral application to reopen discovery or in their motion for reconsideration—that plaintiff would seek to call inmate witnesses.

The prejudice to City defendants of not being able to depose these witness, or to discover other information regarding this witness due to plaintiff's failure to fulfill his discovery obligations, is significant. Their testimony also appears to be duplicative of plaintiff's testimony and is thus cumulative and prejudicial.

In addition, these witnesses could offer no relevant testimony because their personal experiences are not germane to that of the plaintiff. Plaintiff must prove that his own constitutional rights were violated. The fact that other witnesses may make similar claims does not support his core claims, and raises the specter of additional claims outside the contours of the lawsuit being presented to the jury. This would needlessly extend the trial, unfairly prejudice the defendants, and confuse the jury. Clearly their proffered testimony is intended to unfairly bolster plaintiff's claims and should be prohibited.

### D. Imam Askia Muhammad Should Be Precluded

The testimony of Imam Askia Muhammad should be precluded. First, defendants are not aware of the relevance of this witness, as he was not previously identified in plaintiff's December 1, 2011 responses to City defendants' October 26, 2011 Interrogatories, nor disclosed at any time. Further, both parties have listed Imam Bilal as a witness based on his undisputed interactions with plaintiff which relate to certain aspects of the subject matter of this lawsuit. To the extent Imam Muhammad may have had some involvement with plaintiff, his testimony would be duplicative of Imam Bilal's and thus duplicative.

### E. Officer Velez and Capt. Bahari Should Be Precluded

The testimony of Mr. Velez and Mr. Bahari, both apparently DOC employees, should be precluded. Again, defendants are not aware of the relevance of these witnesses and

they were not previously identified in plaintiff's December 1, 2011 responses to City defendants' October 26, 2011 Interrogatories, nor disclosed at any time.

### F. Doctor Georges Should be Precluded

As with many of the witnesses on plaintiff's list, Doctor Georges was not previously identified. In addition, plaintiff has refused to provide a release for his medical records during the relevant time period, a position conveyed to defendants by plaintiff's current counsel. Further, the proposed testimony of Ms. Georges concerning "the effect that the denial of religious services had on Mr. Alli" constitutes improper expert testimony in that plaintiff failed to identify an expert witness or provide an expert report by the close of discovery.

## POINT II

### PLAINTIFF'S NEWLY ASSERTED CAUSES OF ACTION SHOULD BE PRECLUDED

Plaintiff should be precluded from asserting causes of action under State or City law. Defendants were never on notice of these purported claims, and were denied the opportunity to conduct discovery relating to those claims. This is a classic trial by ambush and should be prohibited.

## POINT III

### PLAINTIFF'S NEWLY DISCOVERED PURPORTED GRIEVANCE DOCUMENTS SHOULD BE PRECLUDED

In the course of discovery, plaintiff has repeatedly assured defendants' counsel that he had produced all documents in his possession relating to the grievance issue. He further stated that other documents were destroyed in a flood (Pl. Dec. 1, 2011 Responses at "1": "documents has been destroyer during a cell flood on May 5, 2011…") Shortly after the

appointment of counsel, five documents were suddenly produced (March 22, 2012) in pristine condition with no evidence of flood damage.  See Def. Ex. A.  This last minute production, under circumstance plainly at odds with plaintiff's testimony, unfairly places defendants in a difficult position.  Had these documents been produced timely, plaintiff could have been deposed with respect to them, and any doubt as to their authenticity could have been fully explored in an organized and timely manner.

## Conclusion

For the above reasons, defendants' motions *in limine* should be granted.

Dated:      New York, New York
            March 29, 2012

>                               MICHAEL  A. CARDOZO
>                               Corporation Counsel of the
>                                 City of New York
>                               Attorney for Defendants
>                               100 Church Street, Room 2-194
>                               New York, New York 10007
>                               (212) 788-0878
>
>                                   /s/
>                           By: _____
>                               Martin Bowe
>                               Assistant Corporation Counsel

Case 1:11-cv-04047-AJP   Document 72   Filed 03/29/12   Page 7 of 8

ii